UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHARLES PARSLEY,

                Petitioner,

      -against-

J. LaMANNA (SUPERINTENDENT),

                Respondent.

19-CV-4756 (LLS)

ORDER

LOUIS L. STANTON, United States District Judge:

      Petitioner, currently incarcerated at Green Haven Correctional Facility, brings this *pro se* petition for a writ of *habeas corpus* under 28 U.S.C. § 2254, challenging the constitutionality of his judgment of conviction rendered in the New York Supreme Court, Westchester County, on June 26, 2012. By order dated May 28, 2019, the Court granted Petitioner's request to proceed *in forma pauperis*. The Court directs Petitioner to show cause within sixty days of the date of this order why this application should not be denied as time-barred.

## DISCUSSION

**A.    Applicable Statute of Limitations**

      Petitioner's application may be time-barred. A prisoner seeking *habeas* relief under § 2254 must generally file a petition within one year from the latest of four benchmark dates: (1) when the judgment of conviction becomes final; (2) when a government-created impediment to making such a motion is removed; (3) when the constitutional right asserted is initially recognized by the Supreme Court, if it has been made retroactively available to cases on collateral review; or (4) when the facts supporting the claim(s) could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1)-(2). If a direct appeal is taken, the conviction is final following the expiration of the 90-day period to petition for *certiorari* in the Supreme Court of the United States." *Warren v. Garvin*, 219 F.3d 111, 112 (2d Cir. 2000).

Petitioner asserts that on March 16, 2012, he was convicted in the Westchester County Supreme Court of murder in the second degree, attempted murder in the second degree, burglary in the first degree, and assault in the first degree. Petitioner was sentenced on June 26, 2012, to 75 years to life of imprisonment and five years of post-release supervision. Petitioner appealed his conviction. The New York Supreme Court, Appellate Division, Second Department ("Appellate Division"), affirmed the conviction on May 17, 2017, and the New York Court of Appeals – the state's highest court – denied Petitioner leave to appeal on August 16, 2017. *See People v. Parsley*, 55 N.Y.S.3d 267 (2d Dep't May 10, 2017), *leave denied*, 29 N.Y.3d 1132 (2017). Petitioner's conviction became final on November 14, 2017, following the expiration of the 90-day period to petition for *certiorari* in the Supreme Court. Petitioner placed this petition in the prison mailing system on May 15, 2019, about one year and six months after his judgment of conviction became final.

Under the Antiterrorism and Effective Death Penalty Act of 1996, when postconviction motions are filed before the expiration of the statute of limitations, those motions and related state-court proceedings may toll the statute of limitations.[1] *See* 28 U.S.C. § 2244(d)(2). Postconviction motions filed after the limitations period expires, however, do not start the limitations period anew. "[P]roper calculation of Section 2244(d)(2)'s tolling provision excludes time during which properly filed state relief applications are pending but does not reset the date from which the one-year statute of limitations begins to run." *Smith v. McGinnis*, 208 F.3d 13, 17

---

[1] The Second Circuit has held that "[a] state court application or motion for collateral relief is 'pending' from the time it is first filed until finally disposed of and further appellate review is unavailable under the particular state's procedures." *Bennett v. Artuz*, 199 F.3d 116, 120 (2d Cir. 1999); *see also Carey v. Saffold*, 536 U.S. 214, 217, (2002).

(2d Cir. 2000). Section 2244(d)(2) applies only if a petitioner's postconviction motion was pending within the one-year limitations period.

Petitioner assert that this petition is timely filed. He alleges that on October 30, 2018, he filed a petition for a writ of error *coram nobis* in the Appellate Division, which was denied on January 23, 2019. *See People v. Parsley*, 90 N.Y.S.3d 565 (2d Dep't Jan. 23, 2019). Petitioner further claims that on April 25, 2019, he filed a second *coram nobis* petition with the Appellate Division, which is still pending.

Despite Petitioner's assertions, the petition for a writ of *habeas corpus* is untimely. Petitioner's one-year statute of limitations period began to run on November 14, 2017, following the expiration of the 90-day period to petition for *certiorari*. When Petitioner filed the first *coram nobis* petition on October 30, 2018, he only had 16 days left before the statute of limitations expired. Thus, assuming the state-court *coram nobis* application tolled the limitations period, Petitioner had until February 8, 2019, 16 days after the Appellate Division denied the first *coram nobis* application to file this petition. As noted above, Petitioner placed this petition in the prison mailing system on May 15, 2019, more than three months after the one-year statute of limitations period expired. Petitioner's filing of a second *coram nobis* petition on April 25, 2019, did not reset the limitations period.

**B.      Show Cause**

The Court grants Petitioner sixty days' leave to show cause why this application should not be denied as time-barred. Petitioner may do so using the attached declaration form. Should Petitioner decide to submit a declaration, he must allege facts showing why this petition should

not be denied as time-barred.[2] Petitioner should allege any facts demonstrating that he has been pursuing his rights diligently and that some extraordinary circumstance prevented him from timely submitting this petition before the expiration of the statute of limitations on February 8, 2019. *See Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010) (holding that one-year limitations period under § 2244(d) for *habeas corpus* petitions under 28 U.S.C. § 2254 is subject to equitable tolling in appropriate cases).

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Petitioner, and note service on the docket. Within sixty days of the date of this order, Petitioner must show cause why the petition should not be denied as time-barred. A declaration form is attached to this order. If Petitioner timely files a declaration, the Court will review it, and if proper, will order that the petition be served on Respondent. If Petitioner fails to comply with this order within the time allowed, and cannot show good cause to excuse such failure, the petition will be denied. No answer shall be required at this time.

Because Petitioner has not at this time made a substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

---

[2] Petitioner should also include in the declaration a listing of (1) the dates that all postconviction applications in state court challenging this conviction were filed, including all motions under N.Y. C.P.L. § 440, and any other postconviction applications, (2) when any postconviction applications were decided, (3) the dates that any appeals or applications for leave to appeal from those decisions were filed, (4) when those appeals or applications were decided, and (5) when Petitioner received notice of any state court decisions on those applications and appeals. See 28 U.S.C. § 2244(d)(2).

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated: May 31, 2019
New York, New York

*Louis L. Stanton*
Louis L. Stanton
U.S.D.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____
Write the first and last name of each plaintiff or petitioner.

Case No. _____ CV _____

-against-

_____

_____

_____
Write the first and last name of each defendant or respondent.

# DECLARATION

_____

_____

Briefly explain above the purpose of the declaration, for example, "in Opposition to Defendant's Motion for Summary Judgment," or "in Response to Order to Show Cause."

I, _____ , declare under penalty of perjury that the following facts are true and correct:

In the space below, describe any facts that are relevant to the motion or that respond to a court order. You may also refer to and attach any relevant documents.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Attach additional pages and documents if necessary.

| Executed on (date) | Signature |
|---|---|
| Name | Prison Identification # (if incarcerated) |
| Address | City | State | Zip Code |
| Telephone Number (if available) | E-mail Address (if available) |